

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*



| | |
|---|---|
| *United States Courthouse* | *Mailing Address* |
| *300 Virginia Street, East* | *Post Office Box 1713* |
| *Room 4000* | *Charleston, WV 25326* |
| *Charleston, WV 25301* | *(304) 345-2200* |
| *FAX: (304) 347-5104* | *1-800-659-8726* |

July 17, 2008

David R. Bungard, Esquire
Federal Public Defender's Office
300 Virginia Street, East
Room 3400
Charleston, West Virginia 25301

        Re:  United States v. Charles Edward Wiseman, Jr.
            Criminal No. 5:08-00042

Dear Mr. Bungard:

    This will confirm our conversations with regard to your client, Charles Edward Wiseman, Jr. (hereinafter "Mr. Wiseman"). As a result of these conversations, it is agreed by and between the United States and Mr. Wiseman as follows:

    1.  **PENDING CHARGES.**  Mr. Wiseman is charged in a two-count indictment as follows:

           (a)  Count One charges Mr. Wiseman with a violation of 18 U.S.C. § 2251(a) (production of child pornography); and

           (b)  Count Two charges Mr. Wiseman with a violation of 18 U.S.C. § 2252(a)(4)(B) (possession of child pornography).

    2.  **RESOLUTION OF CHARGES.**  Mr. Wiseman will plead guilty to Count Two of said indictment, which charges him with a violation of 18 U.S.C. § 2252(a)(4)(B). Following final disposition, the United States will move the Court to dismiss Count One in Criminal No. 5:08-00042 as to Mr. Wiseman.

    3.  **MAXIMUM POTENTIAL PENALTY.**  Mr. Wiseman agrees that he has a prior conviction relating to the misdemeanor possession of child pornography as more fully set forth in 18 U.S.C. §

*CEWJr.*
Defendant's
initials

David R. Bungard, Esquire
July 17, 2008
Page 2                              Re: Charles Edward Wiseman, Jr.


2252(b)(2). As a result, the maximum penalty to which Mr. Wiseman
will be exposed by virtue of this guilty plea is as follows:

> (a)   Imprisonment for a period of a mandatory minimum of
>       10 years and up to 20 years imprisonment;
>
> (b)   A fine of $250,000, or twice the gross pecuniary
>       gain or twice the gross pecuniary loss resulting
>       from defendant's conduct, whichever is greater;
>
> (c)   A term of supervised release of not less than five
>       years and up to life;
>
> (d)   A mandatory special assessment of $100 pursuant to
>       18 U.S.C. § 3013; and
>
> (e)   An order of restitution pursuant to 18 U.S.C. §§
>       2259, 3663A, and 3664, or as otherwise set forth in
>       this plea agreement.

     4.   **SPECIAL ASSESSMENT.** Mr. Wiseman has submitted certified
financial statements to the United States reflecting that he is
without sufficient funds to pay the special assessment due upon
conviction in this case. Mr. Wiseman agrees that, if incarcerated,
he will join the Inmate Financial Responsibility Program, earnings
from which will be applied toward payment of the special
assessment.

     5.   **RESTITUTION.** Notwithstanding the offense of conviction,
Mr. Wiseman agrees that he owes restitution for the full amount of
the losses for victims D.C. and B.T. to be determined by the Court
pursuant to 18 U.S.C. § 2259(b)(3). Mr. Wiseman agrees to pay such
restitution, with interest as allowed by law, to the fullest extent
financially feasible. In aid of restitution, Mr. Wiseman further
agrees as follows:

> (a)   Mr. Wiseman agrees to fully assist the United
>       States in identifying and locating any assets to be

Defendant's
initials

David R. Bungard, Esquire
July 17, 2008
Page 3                          Re: Charles Edward Wiseman, Jr.

> applied toward restitution and to give signed,
> sworn statements and testimony concerning assets
> upon request of the United States.

> (b)   Mr. Wiseman will fully complete and execute, under
>       oath, a Financial Statement and a Release of
>       Financial Information on forms supplied by the
>       United States and will return these completed forms
>       to counsel for the United States within seven
>       calendar days from the date of the signing of this
>       plea agreement.

> (c)   Mr. Wiseman agrees not to dispose of, transfer or
>       otherwise encumber any real or personal property
>       which he currently owns or in which he holds an
>       interest.

> (d)   Mr. Wiseman agrees to fully cooperate with the
>       United States in the liquidation of assets to be
>       applied towards restitution, to execute any and all
>       documents necessary to transfer title of any assets
>       available to satisfy restitution, to release any
>       and all right, title and interest he may have in
>       and to such property, and waives his right to
>       exemptions under the Federal Debt Collection
>       Procedures Act upon levy against and the sale of
>       any such property.

> (e)   Mr. Wiseman agrees not to appeal any order of the
>       District Court imposing restitution.

6.     **PAYMENT OF MONETARY PENALTIES.**  Mr. Wiseman agrees not to
object to the District Court ordering all monetary penalties
(including the special assessment, fine, court costs, and any
restitution that does not exceed the amount set forth in this plea
agreement) to be due and payable in full immediately and subject to
immediate enforcement by the United States.   So long as the
monetary penalties are ordered to be due and payable in full

Defendant's
initials

David R. Bungard, Esquire
July 17, 2008
Page 4                                   Re: Charles Edward Wiseman, Jr.

immediately, Mr. Wiseman further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

7.    **COOPERATION.** Mr. Wiseman will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Wiseman may have counsel present except when appearing before a grand jury.

8.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Wiseman, nothing contained in any statement or testimony provided by Mr. Wiseman pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9.    **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Wiseman for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Wiseman for perjury or false statement if such a situation should occur pursuant to this agreement.

10.   **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Wiseman agree that the facts comprising the offenses of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A." This stipulation of facts does not include all relevant conduct.

Defendant's
initials

David R. Bungard, Esquire
July 17, 2008
Page 5                                    Re:  Charles Edward Wiseman, Jr.


       Mr. Wiseman agrees that if he withdraws from this agreement,
or this agreement is voided as a result of a breach of its terms by
Mr. Wiseman, and he is subsequently tried on any of the charges in
the indictment and/or information, the United States may use and
introduce the "Stipulation of Facts" in the United States case-in-
chief, in cross-examination of Mr. Wiseman or of any of his
witnesses, or in rebuttal of any testimony introduced by Mr.
Wiseman or on his behalf.  Mr. Wiseman knowingly and voluntarily
waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any
right he has pursuant to Fed. R. Evid. 410 that would prohibit such
use of the Stipulation of Facts.  If the Court does not accept the
plea agreement through no fault of the defendant, or the Court
declares the agreement void due to a breach of its terms by the
United States, the Stipulation of Facts cannot be used by the
United States.

       The United States and Mr. Wiseman understand and acknowledge
that the Court is not bound by the Stipulation of Facts and that if
some or all of the Stipulation of Facts is not accepted by the
Court, the parties will not have the right to withdraw from the
plea agreement.

       11.  **RULE 11(c)(1)(C) POTENTIAL PENALTY.**  Pursuant to Rule
11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United
States and Mr. Wiseman stipulate and agree that a sentence of
fifteen years imprisonment, a lifetime term of supervised release,
an order of restitution and no fine constitute the appropriate
disposition of this case. Mr. Wiseman understands that this
agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is not binding
on the Court unless and until the Court accepts this plea
agreement. If the Court refuses to accept this plea agreement, Mr.
Wiseman has the right to void this agreement and may withdraw his
guilty plea.

       12.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.**  Mr. Wiseman is
aware that 18 U.S.C. § 3742 affords him the right to appeal the
sentence imposed by the District Court.  Nonetheless, Mr. Wiseman
knowingly and voluntarily waives his right to seek appellate review

Defendant's
initials

David R. Bungard, Esquire
July 17, 2008
Page 6                              Re:  Charles Edward Wiseman, Jr.

of any sentence of imprisonment imposed by the District Court, or
the manner in which the sentence was determined, on any ground
whatsoever including any ground set forth in 18 U.S.C. § 3742, so
long as that sentence of imprisonment is at or below fifteen years,
as set forth in paragraph 11 above.  The United States retains the
right to appeal any sentence of imprisonment on any ground
whatsoever if the sentence is below fifteen years.

        Mr. Wiseman also knowingly and voluntarily waives the right to
challenge his guilty plea and his conviction resulting from this
plea agreement, and any sentence imposed for the conviction, in any
collateral attack, including but not limited to a motion brought
under 28 U.S.C. § 2255.

        The waivers noted above shall not apply to a post-conviction
collateral attack or direct appeal based on a claim of ineffective
assistance of counsel.

        13.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Wiseman knowingly
and voluntarily waives all rights, whether asserted directly or by
a representative, to request or receive from any department or
agency of the United States any records pertaining to the
investigation or prosecution of this case, including without any
limitation any records that may be sought under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974,
5 U.S.C. § 552a, following final disposition.

        14.  **WAIVER OF DNA TESTING.**   Mr. Wiseman knowingly and
voluntarily waives his right under 18 U.S.C. § 3600 to request DNA
testing of any evidence in this case, including the right to
request such testing after conviction.  Mr. Wiseman specifically
agrees that:

                (a)  this waiver applies to DNA testing on all items of
                     evidence in this case that could be subjected to
                     DNA testing;

                                              Defendant's
                                              initials

David R. Bungard, Esquire
July 17, 2008
Page 7                                    Re: Charles Edward Wiseman, Jr.

> (b)   he waives the right to request DNA testing in the
>        current proceedings, in any proceeding following
>        conviction under 18 U.S.C. § 3600, and in any other
>        type of proceeding in which DNA testing may be
>        requested, including motions for collateral relief
>        pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241;
>
> (c)   as a result of this waiver, he will never have
>        another opportunity to have the evidence in this
>        case submitted for DNA testing or to employ the
>        results of DNA testing to support a claim that he
>        is innocent of the offenses to which he has agreed
>        to plead guilty; and
>
> (d)   he has fully discussed the significance of DNA
>        testing with his attorney, and that he is fully
>        satisfied with his attorney's explanation and
>        advice concerning DNA testing and the consequences
>        of waiving the right to request DNA testing.

15. **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Wiseman
understands and acknowledges that under the federal Sex Offender
Registration and Notification Act, he must register and keep the
registration current in each of the following jurisdictions: where
he resides, where he is an employee and where he is a student. Mr.
Wiseman further understands that the requirement to keep the
registration current includes informing at least one of the
aforementioned jurisdictions not later than three days after any
change of name, residence, employment or student status. Mr.
Wiseman understands that failure to comply with these obligations
subjects him to prosecution for failure to register under federal
law, 18 U.S.C. § 2250, which is punishable by a fine or
imprisonment, or both.

16. **FINAL DISPOSITION**. The matter of sentencing is within the
sole discretion of the Court. The United States has made no
representations or promises as to a specific sentence aside from

_CCW Jr._
Defendant's
initials

David R. Bungard, Esquire
July 17, 2008
Page 8                          Re: Charles Edward Wiseman, Jr.


that set forth in Paragraph 11 herein.  The United States reserves
the right to:

> (a)  Inform the Probation Office and the Court of all
>      relevant facts and conduct;
>
> (b)  Present evidence and argument relevant to the
>      factors enumerated in 18 U.S.C. § 3553(a);
>
> (c)  Respond to questions raised by the Court;
>
> (d)  Correct inaccuracies or inadequacies in the
>      presentence report;
>
> (e)  Respond to statements made to the Court by or on
>      behalf of Mr. Wiseman;
>
> (f)  Advise the Court concerning the nature and extent
>      of Mr. Wiseman's cooperation; and
>
> (g)  Address the Court regarding the issue of Mr.
>      Wiseman's acceptance of responsibility.

17.  **VOIDING OF AGREEMENT**.  If either the United States or Mr.
Wiseman violates the terms of this agreement, the other party will
have the right to void this agreement. If the Court refuses to
accept this agreement, it shall be void.

18.  **ENTIRETY OF AGREEMENT**.  This written agreement
constitutes the entire agreement between the United States and Mr.
Wiseman in this matter.  There are no agreements, understandings or
recommendations as to any other pending or future charges against
Mr. Wiseman in any Court other than the United States District
Court for the Southern District of West Virginia.


Defendant
initials

David R. Bungard, Esquire
July 17, 2008
Page 9                                    Re: Charles Edward Wiseman, Jr.


        Acknowledged and agreed to on behalf of the United States:

                                  CHARLES T. MILLER
                                  United States Attorney

                   By:

                                  KAREN L. BLEATTLER
                                  Assistant United States Attorney

KLB/smw

I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this nine-
page agreement that I have read and carefully discussed every part
of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement. I further acknowledge that
my attorney has advised me of my rights, possible defenses, the
Sentencing Guideline provisions, and the consequences of entering
into this agreement, that no promises or inducements have been made
to me other than those in this agreement, and that no one has
threatened me or forced me in any way to enter into this agreement.
Finally, I am satisfied with the representation of my attorney in
this matter.


CHARLES EDWARD WISEMAN, JR.              July 17, 2008
Defendant                                Date Signed


DAVID R. BUNGARD                         7/17/08
Counsel for Defendant                    Date Signed


                                         Defendant's
                                         initials

## STIPULATION OF FACTS
## PLEA AGREEMENT EXHIBIT A

The United States and Mr. Wiseman stipulate and agree that the facts comprising the offense of conviction (Count Two in the Indictment in the Southern District of West Virginia, Criminal No. 5:08-00042) and the relevant conduct for that offense, include the following:

On April 30, 2007, at or near Nettie, Nicholas County, West Virginia, Mr. Wiseman possessed 15 Polaroid pictures depicting two different minors under the age of twelve whose identities are known to the parties. The majority of the pictures depict the minors engaging in sexually explicit conduct, that is, the lascivious exhibition of the genitals and pubic area of the minors. These Polaroid pictures were produced by Mr. Wiseman using real children and Polaroid film that had been mailed, shipped and transported in interstate and foreign commerce.

In or about June 2003, Mr. Wiseman was convicted in Rockbridge County, Virginia of the misdemeanor possession of child pornography.

Stipulated and agreed to:


CHARLES EDWARD WISEMAN, JR.                    July 17, 2008
Defendant                                      Date


DAVID R. BONGARD                               7/17/08
Counsel for Defendant                          Date


KAREN L. BLEATTLER                             7/18/08
Assistant United States Attorney               Date