# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

**UNITED STATES OF AMERICA**

v.                                              Criminal Action No. 5:08-00042

**CHARLES EDWARD WISEMAN**

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Charles Edward Wiseman, submits this Memorandum outlining the 18 U.S.C. §3553(a) factors for his upcoming February 9, 2009 sentencing.

A.   <u>Legal Objections</u>

Mr. Wiseman has no objections to the offense level and criminal history calculations set forth in final presentence investigation report. His final base offense level is 35 and his Criminal History Category of II. (PSR, Paragraphs 70, 74). The advisory sentencing guidelines for this case would call for a sentence between 188 and 235 months. (PSR, Paragraph 101). The parties previously entered into a Rule 11(c)(1)(C) plea agreement where it was stipulated that Mr. Wiseman would receive a sentence which included a fifteen year term of imprisonment, a lifetime term of supervised release, an order of restitution and no fine. (PSR, Paragraphs 10-12).

Mr. Wiseman has previously agreed in his plea agreement to remain responsible for the losses sustained by the two child victims in this case. Counsel has questions concerning the restitution figure of $1,845 for counseling for one of the victims in this case. (PSR, Paragraph 114). It has been further suggested that additional counseling sessions may be needed at the rate of once a month at a cost of $140 per hour. Courts which have

addressed the issue of ordering restitution for future treatment (such as psychological counseling) have done so only if that amount is readily ascertainable and can be ascertained to a reasonable degree of certainty. United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007); United States v. Julian, 242 F.3d 1245, 1247-1248 (10th Cir. 2001). The final PSR does not specifically address the anticipated duration of future counseling sessions or that the defendant's conduct remains the proximate cause why the victim would continue to need counseling. Counsel anticipates meeting with the Probation Officer to obtain documentation from the victim's counselor which relates to past services provided and anticipated future counseling needs. Counsel reserves the right to supplement this Sentencing Memorandum should there remain any disagreement concerning the restitution calculation for the case.

B.  18 U.S.C. §3553(a) Factors for Consideration

For the following reasons, Mr. Wiseman would ask this Court to accept the plea agreement and impose the suggested sentence as outlined above:

(1) Mr. Wiseman has pled guilty to the offense of possession of child pornography. (PSR, Paragraph 8). The nature and circumstances of the offense of conviction involve Mr. Wiseman's possession of 15 Polaroid photographs at the time of his April 30, 2007 arrest. The majority of these pictures showed two minors under the age of twelve in various states of undress that would constitute a lascivious exhibition of the genitals. Several of the pictures show the minors lying with their pants down on Mr. Wiseman's bed or otherwise posing for the camera. None of the pictures depict the minors engaging in any act of sexual intercourse with each other or with Mr. Wiseman. Mr. Wiseman admitted that he took the Polaroid pictures of the two minors in his apartment

located in Rupert, West Virginia. The minors were not physically restrained while the pictures were taken. Mr. Wiseman kept these photographs to himself and made no additional copies to share with others. Mr. Wiseman did not electronically scan these pictures into a digital format for his computer or otherwise post these pictures on any internet website.

(2) Mr. Wiseman's 2003 Virginia conviction for misdemeanor possession of child pornography qualifies as a predicate conviction for the increased statutory penalties available in production of child pornography and possession of child pornography offenses. See 18 U.S.C. §2251(e); 18 U.S.C. §2252A(b)(2). The 2003 amendments with the PROTECT Act did not distinguish between prior felony and misdemeanor convictions for purposes of applying the increased statutory penalties. See United States v. Falso, 2008 U.S. App. LEXIS 20659 (2nd Cir. 2008) and 544 F.3d 110 (2nd Cir. 2008); United States v. Weis, 487 F.3d 1148 (8th Cir. 2007); United States v. Gunderson, 345 F.3d 471 (7th Cir. 2003). Although Mr. Wiseman received a thirty day jail sentence for his conduct in Virginia, he is subjected to being treated as if he had a prior felony conviction for possession of child pornography.

As a result of Mr. Wiseman's guilty plea, he would be subject to a mandatory minimum sentence of 10 years with a potential maximum penalty of 20 years. (PSR, Paragraph 10). A fifteen year sentence would constitute the mandatory minimum sentence to be imposed for a 18 U.S.C. §2251 production of child pornography conviction if the defendant did not have any prior predicate convictions.

(3) Mr. Wiseman has been able to overcome significant setbacks in his life, such as the traumatic brain injury he received in a 1993 car accident. (PSR, Paragraph 85). Mr.

Wiseman went through months of relearning basic living skills at CAMC before being discharged. Mr. Wiseman received social security disability benefits for a time until he was able to return to the work force in 1997 when he took a job at a denim factory located in Greensboro, North Carolina. (PSR, Paragraph 95). Mr. Wiseman relocated back to Rupert, West Virginia where his mother lived. At the time of his arrest in April 2007, Mr. Wiseman had maintained steady full time employment as a stock person for the Handy Place, a convenient store in Rupert, West Virginia. (PSR, Paragraph 94).

(4) Mr. Wiseman has a history of alcohol addiction issues which has resulted in a previous DUI conviction and created other problems. (PSR, Paragraph 91). Mr. Wiseman has not completed any long term alcohol treatment program and would benefit from this Court's recommendation for placement into the Bureau of Prison's Intensive Drug Treatment Program.

(5) A term of imprisonment of fifteen years would adequately reflect the seriousness of Mr. Wiseman's conduct and would serve to deter others in the community from producing or otherwise possessing images of child pornography. The imposition of a lifetime term of supervised release will ensure that Mr. Wiseman's future activities are carefully monitored and that he receives the appropriate after-care alcohol treatment program. If there are any violations, then this Court has the option of sending Mr. Wiseman to jail for up to two years for each revocation proceeding.

C.   <u>Witnesses to be called for 18 U.S.C. §3553(a) factors</u>

Mr. Wiseman will not be calling any witnesses at the sentencing hearing. He has previously submitted two letters from Fred Kellerman, his landlord, and Charlotte Wiseman, his mother.

D.    <u>Estimate of Time needed for the Sentencing Hearing</u>

Counsel anticipates that this hearing should take no longer than thirty minutes.

Respectfully submitted this 23rd day of January, 2009.

**CHARLES EDWARD WISEMAN**

**By Counsel**

<u>**s/David R. Bungard**</u>
**David R. Bungard Bar Number: 5739**
**Attorney for Defendant**
**Office of the Federal Public Defender**
**United States Courthouse**
**300 Virginia Street, East, Room 3400**
**Charleston, WV 25301**
**Telephone: (304) 347-3350**
**Facsimile: (304) 347-3356**
**E-mail: david_bungard@fd.org**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**UNITED STATES OF AMERICA**

v.                                              Criminal Action No. 5:08-00042

**CHARLES EDWARD WISEMAN, JR.**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **DEFENDANT'S SENTENCING MEMORANDUM** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows:

VIA CM/ECF:            Karen B. Schommer, AUSA
                       Office of the United States Attorney
                       United States Courthouse, Room 4000
                       300 Virginia Street East
                       Charleston, West Virginia 25301
                       Telephone:   (304) 345-2200
                       Facsimile:   (304) 347-5104
                       Email: karen.bleattler@usdoj.gov


DATE: January 23, 2009   **s/David R. Bungard**
                         **David R. Bungard Bar Number: 5739**
                         **Attorney for Defendant**
                         **Office of the Federal Public Defender**
                         **United States Courthouse**
                         **300 Virginia Street, East, Room 3400**
                         **Charleston, WV 25301**
                         **Telephone: (304) 347-3350**
                         **Facsimile: (304) 347-3356**
                         **E-mail: david_bungard@fd.org**