IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**UNITED STATES OF AMERICA**

v.                                           **CRIMINAL NO. 5:08-00042**

**CHARLES EDWARD WISEMAN**

### UNITED STATES SENTENCING MEMORANDUM

Comes now the United States of America, by Karen B. Schommer, Assistant United States Attorney for the Southern District of West Virginia, and files the following sentencing memorandum as ordered by the Court.

### A.   Relevant Conduct and Specific Offense Characteristics

The United States and the Defendant agree with the Guideline analysis set forth in the Presentence Investigation Report ("PSIR"). With a criminal history category of II and a total offense level of 35, the Defendant is facing a guideline imprisonment range of 188 to 235 months followed by a term of supervised release of not less than five years and up to life. The parties also agree that since the Defendant has a prior conviction for possession of child pornography, he faces a mandatory minimum sentence of 10 years imprisonment. However, the parties have entered in an agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure wherein the parties have stipulated that the Defendant should receive a sentence of fifteen years' imprisonment, a lifetime term of supervised release and be subject to an order of restitution for the losses sustained by the child

victims in this case. The United States believes this punishment, as outlined in the plea agreement between the parties, is sufficient based on the facts of this case.

**II. Relevant Factors Pursuant to 18 U.S.C. § 3553(a)**

    **A. Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the Defendant**

The PSIR adequately sets forth the nature and circumstances of the offense and the history and characteristics of the Defendant, including the fact that the Defendant qualifies for a mandatory minimum sentence of 10 years' imprisonment based on his prior conviction for possession of child pornography. The United States submits that these circumstances and characteristics support a sentence of fifteen years' imprisonment followed by a lifetime term of supervised release as agreed to by the parties.

    **B. Section 3553(a)(2)(A): The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

The production and possession of child pornography is a serious offense requiring a severe penalty. By collecting child pornography, the Defendant is contributing to the demand for child pornography which results in the ongoing torture of children. By using children to produce sexually explicit images, the Defendant has forever taken from those children a piece of their youth and innocence. Those children will require counseling to deal with what

they have endured for years to come. That being said, the United States submits that a sentence of fifteen years' imprisonment is needed and sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

    **C.    Section 3553(a)(2)(B): The need for the sentence imposed to afford adequate deterrence to criminal conduct**

The United States submits that in this case a sentence of fifteen years' imprisonment will afford adequate deterrence to criminal conduct.

    **D.    Section 3553(a)(2)(C): The need for the sentence imposed to protect the public from further crimes of the Defendant**

The United States submits that a sentence of fifteen years' imprisonment followed by a lifetime term of supervised release will protect the public from further crimes of this Defendant.

    **E.    Section 3553(a)(2)(D): The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

The Defendant has demonstrated his ability to work. However, it appears the Defendant also suffers from alcohol abuse and dependence. The Defendant also has a uncontrollable desire to find and collect pornographic images of children demonstrated by his prior conviction for possessing such images as well as his recent criminal behavior in creating the same. While there is no cure for the Defendant's maladaptive behavior, participation in the Bureau

of Prisons ("BOP") Sex Offender Treatment Program may provide helpful counseling and insight for the Defendant. A sentence of fifteen years' imprisonment will provide the Defendant with an opportunity to participate in the BOP's Sex Offender Treatment Program. A sentence of fifteen years' imprisonment followed by a lifetime term of supervised release will provide the BOP and the probation department with adequate time to find counseling and training opportunities for the Defendant.

**F. Section 3553(a)(3): The kinds of sentences available**

The PSIR does an adequate job of addressing this factor.

**G. Section 3553(a)(4): The kinds of sentence and sentencing range established by the Guidelines**

The PSIR does an adequate job of addressing this factor.

**H. Section 3553(a)(5): Pertinent Policy Statements**

District courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account, together with other sentencing goals outlined in section 3553(a), when sentencing. One of the "other" sentencing factors, namely, section 3553(a)(5), is "pertinent policy statements" issued by the Sentencing Commission. The Guideline provisions governing departures are policy statements. See, e.g., USSG § 5K2.0 (departures generally). As such, a section 3553(a) analysis requires consideration of the rules for departures.

If, after making the decision to depart or not to depart from the Guidelines, the Court concludes that the sentence does not serve the section 3553(a) factors, the court may consider imposing a "variance" sentence, provided that the sentence falls within the statutory limits for the underlying offense and is reasonable. If the court relies on a factor that is discouraged or already taken into account under the Guidelines, this event should factor into the reasonableness of not only the extent of variance, but also the decision to vary at all.

As previously stated, the United States submits that a sentence of fifteen years, a downward variance of eight months from the Guideline range, is warranted under the facts of this case.

**I. Section 3553(a)(6): The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct**

The United States believes in this case that a sentence of fifteen years' imprisonment followed by a lifetime term of supervised release is appropriate and would avoid any unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

**J. Section 3553(a)(7): The need to provide restitution to any victims of the offense**

The parties have stipulated that the Defendant should be required to pay restitution to the child victims in this case. Indeed, such an order is mandated pursuant to 18 U.S.C. § 2259. As

provided in the PSIR, one child has attended counseling resulting in a payment of $1,845 by the West Virginia Department of Human Services Medicaid Program for those services. The United States submits that the child victims will need further counseling and has issued a subpoena to their counselor to attend the sentencing hearing to address this factor more fully.

### III. Name and Testimonial Proffer of Witnesses Regarding Relevant Conduct and/or Non-Guideline Sentencing Factors

The United States anticipates calling Tina Fontenot, MS, to address the issue of future counseling needs for the child victims.

### IV. Estimate of Time Needed for the Sentencing Hearing

The United States believes the sentencing hearing will require approximately one hour.

### V. Legal Issues to be Argued at the Sentencing Hearing

The United States does not anticipate any argument at sentencing with respect to legal issues.

> Respectfully submitted,
>
> CHARLES T. MILLER
> United States Attorney
>
>
> By:   s/Karen B. Schommer
>       KAREN B. SCHOMMER
>       Assistant United States Attorney
>       WV Bar No. 7126
>       300 Virginia Street, East
>       Room 4000
>       Charleston, WV 25301
>       Telephone:  304-345-2200
>       Fax:  304-347-5104
>       Email:  karen.schommer@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing "UNITED STATES SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 23rd of January 2009, to:

>
> David R. Bungard, Esquire
> Federal Public Defender's Office
> 300 Virginia Street, East
> Room 3400
> Charleston, West Virginia 25301

>
> By: s/Karen B. Schommer
>     KAREN B. SCHOMMER
>     Assistant United States Attorney
>     WV Bar No. 7126
>     300 Virginia Street, East
>     Room 4000
>     Charleston, WV 25301
>     Telephone: 304-345-2200
>     Fax: 304-347-5104
>     Email: karen.schommer@usdoj.gov