IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                              CRIMINAL ACTION NO. 5:08-cr-00042

CHARLES EDWARD WISEMAN, JR.,

           Defendant.

**RESTITUTION ORDER**

On March 23, 2009, Defendant Charles Edward Wiseman, Jr., appeared before the Court to be sentenced pursuant to his plea of guilty to Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). At the sentencing, Defendant objected to the amount of restitution recommended by the probation officer: $1,845.00. Defendant contended that there was no evidence to establish that the amount was directly attributable to Defendant's conduct regarding the victim, B.T. In response to that objection, the Government elicited testimony from Tina Fontenot, a psychologist who rendered services to B.T., one of the identified victims of Defendant's sexual abuse. Ms. Fontenot indicated both at the hearing and in an earlier letter to the probation officer that she had received $1,845.00 from Medicaid as payment for her counseling services rendered to B.T. She also testified, both in the letter and at the hearing, that Defendant's sexual abuse of B.T. was discussed at nineteen sessions and that she was reimbursed by the West Virginia Department of

Human Resources at a discounted rate of $58.00 per hour for each of those sessions.[*]  At the close of the evidence, the Court indicated that it would order restitution as contemplated by the plea agreement, but that it would take the issue of the appropriate amount under advisement pursuant to 18 U.S.C. § 3664(d)(5).

Upon review of the records submitted by Ms. Fontenot, the Court **FINDS** that an appropriate amount of restitution, calculated according to the most conservative figures submitted to the Court and to the probation officer, is nineteen one-hour sessions at a rate of $58.00 per hour for a total of **$1,102.00**.  Accordingly, pursuant to 18 U.S.C. § 3663A, and in consideration of: 1) the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled;  2) projected earnings and other income of the Defendant; and 3) any financial obligations of the Defendant, including obligations to dependents, and based on paragraphs 96-99 of the presentence report, the Court **ORDERS** that Defendant shall pay outstanding restitution in the amount of **$1,102.00**, due immediately.  Defendant is **ORDERED** to pay **$25 per quarter** during incarceration and as a special condition of supervised release, Defendant is **ORDERED** to pay any remaining restitution balance through monthly installments of **$50 per month** during the term of supervised release.  The monthly installments shall commence within 30 days of Defendant's release from incarceration and continue until the obligation is paid in full.  Restitution

---

[*] While a review of the records she submitted to the probation officer indicate that the "goal" of 24 sessions was to "resolve issues of sex abuse," Ms. Fontenot's own estimate is that the sex abuse was addressed at only nineteen sessions.  Thus, the Court will rely on Ms. Fontenot's more conservative estimate as to the number of sessions for which Medicaid should be reimbursed.  Likewise, Ms. Fontenot testified that depending on the billing code used, Medicaid may pay out at a higher rate, such as $135.00 per hour.  However, without any evidence to determine which or how many sessions were billed at this higher rate, the Court is obliged to rely on the more conservative estimate of $58.00 per hour for all sessions.

payments should be forwarded to the United States District Clerk's Office, P.O. Drawer 5009, Beckley, West Virginia 25802, for forwarding to the West Virginia Department of Human Resources, Medicaid Program.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 7, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE