UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

v.    CRIMINAL ACTION NO. 5:08-cr-00042-1

CHARLES E. WISEMAN, JR.,

### MEMORANDUM OPINION AND ORDER

Pending is the Government's Motion to Authorize Payment from Inmate Trust Account pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), filed April 9, 2021. [Doc. 108]. On April 19, 2021, the Court ordered Mr. Wiseman to respond to the Government's Motion by May 7, 2021. [Doc. 110]. No response has been filed.

I.

On August 12, 2008, Mr. Wiseman pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). [*See* Doc. 71]. On March 23, 2009, Mr. Wiseman was sentenced to a total of fifteen (15) years imprisonment and a life term of supervised release. [*See* Doc. 104]. Mr. Wiseman was also ordered to pay $1,102.00 in restitution and a $100 special assessment. [*Id.*]

According to the Government, Mr. Wiseman to date has paid $0.00 toward the special assessment, which expired by statute on March 23, 2014, and a total of $85.00 towards

restitution. [Doc. 108]. The current balance owed is $1,017.00, with interest waived.[1] [*Id.*]. Mr. Wiseman remains in federal custody and is currently assigned to the Federal Medical Center at Lexington in Lexington, Kentucky. [*Id.*].

The Government recently learned that Mr. Wiseman holds $1,400.00 in his inmate trust account maintained by the Bureau of Prisons ("BOP") and seeks entry of an order authorizing the BOP to turnover $1,017.00 as payment towards Mr. Wiseman's outstanding restitution. The Government contends that the requested relief "is reasonable and appropriate in this instance where [Mr. Wiseman] has accumulated significant funds in his inmate trust account yet has only applied minimum payments towards his criminal obligation." [Doc. 108].

## II.

The purpose of an inmate trust or commissary account "is to allow the Bureau to maintain inmates' monies while they are incarcerated," including funds received from family, friends, or other outside sources. 28 C.F.R. §§ 506.1, 545.11. Under 18 U.S.C. § 3613, the Government may enforce criminal monetary penalties, including criminal fines, "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The imposition of a criminal fine constitutes "a lien in favor of the United States on all property and rights to property" of the defendant. 18 U.S.C. § 3613(c). As such, "the government's lien would attach to the defendant's interest in funds held by the BOP in his inmate trust account." *United States v. Winebush*, No. 1:10-00185-01, 2020 WL 2507677, *2 (S.D.W. Va. May 15, 2020) (citing 18 U.S.C. §§ 3613(a), 3664(m)). While "[i]t is true that inmates

---

[1] Since the Government's Motion, Mr. Wiseman made one $30.00 criminal debt payment on May 5, 2021, towards his outstanding restitution balance, thus bringing the current balance owed to $987.00.

have a property interest in their money," in order "[t]o satisfy fine payments . . . courts in this circuit have authorized access to cash located in a defendant's inmate trust account." *Id.* (collecting cases).

Inasmuch as the Government has a valid lien over Mr. Wiseman's funds and the property at issue does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case as set forth in 18 U.S.C. 3613(a)(1), the Court concludes that authorizing the turnover of Mr. Wiseman's funds is appropriate in this instance.

### III.

Accordingly, the Court **GRANTS** the Government's Motion to Authorize Payment from Inmate Trust Account [**Doc. 108**] and **ORDERS** that the BOP is authorized to turnover to the Clerk of Court, and the Clerk shall accept, **$987.00**, of the funds currently held in the trust account for the following inmate: Charles Edward Wiseman, Jr., Register No. 08608-088. The Court further **ORDERS** that the Clerk shall apply these funds as payment for the criminal monetary penalties owed by Mr. Wiseman in this case.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: May 13, 2021

Frank W. Volk
United States District Judge